UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADVANCED CARD SYSTEMS, INC.<br>d/b/a SANDIA IMAGING,<br><br>    Plaintiff,<br> v.<br><br>HEWLETT-PACKARD COMPANY<br>and INDIGO AMERICA, INC.,<br><br>    Defendant | )<br>)<br>)<br>)<br>)  Case No. 04 cv 12295 NG<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Rule 12(b)(6), defendants Hewlett-Packard Company ("HP") and Indigo America, Inc. ("Indigo") (collectively, the "defendants") move to dismiss the Complaint filed by plaintiff Advanced Card Systems, Inc. d/b/a Sandia Imaging ("Sandia"). In support of this Motion the defendants state:

  1.  Sandia has sued the defendants in connection with a digital printing press (the "Equipment") Sandia purchased from Indigo, a subsidiary of HP, in December, 2002. Sandia allegedly is displeased with the cost and performance of the Equipment as well as with the manner in which the Equipment has been serviced by Indigo. Consequently, in the Complaint Sandia purports to assert claims against the defendants for negligent maintenance of the Equipment (Count A), breach of contract (Count B) and fraud (Count D). Sandia also seeks to have an November, 2003 settlement agreement between the parties declared void (Count C).

  2.  The defendants move to dismiss the Complaint for the following reasons. First, the claims for negligence, breach of contract and fraud (Counts A, B and D) were explicitly settled and released by Sandia in the settlement agreement into which Sandia entered with the

defendants in November, 2003.  By its terms the settlement agreement resolved all outstanding issues between the parties concerning the Equipment, and in it Sandia released the defendants from any and all claims and damages arising from or relating to the Purchase and Sale Agreement.  Counts A, B and C also should be dismissed against HP because it is clear from the Complaint, and the documents referenced in and integral to the Complaint, that HP was not involved in the transactions with Sandia that are the focus of the dispute.

3.	The claim for negligent maintenance in Count A and the claim for breach of contract in Count B also should be dismissed because they are barred by the warranty and limitation of liability provisions in the Purchase and Sale Agreement and the two maintenance agreements between Indigo and Sandia.

4.	The declaratory judgment claim in Count C to void the settlement agreement should be dismissed because it is barred by Sandia's unclean hands.  Specifically, the only reason Sandia seeks to have the settlement agreement declared void is because Sandia has breached the agreement's confidentiality provisions.

5.	Finally, the claim for fraud in Count D should be dismissed because Sandia has failed to plead the alleged fraud with the required particularity.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(D), the defendants request that the Court hear oral argument on this Motion.

-3-

For these reasons and for the reasons set forth in the accompanying Memorandum in Support of Defendants' Motion to Dismiss, the defendants request the Court to dismiss the Complaint.

Respectfully submitted,

　　　　/s/ E. Page Wilkins　　　　
Kevin P. Light (BBO #300110)
E. Page Wilkins (BBO #654535)
CHOATE HALL & STEWART
Exchange Place
53 State Street
Boston, MA  02109-2804
(617) 248-5000

Dated:  December 3, 2004