## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADVANCED CARD SYSTEMS, INC. ) <br> d/b/a SANDIA IMAGING, ) <br> ) <br>            Plaintiff, ) <br>       v. ) <br> ) <br> HEWLETT-PACKARD COMPANY ) <br> and INDIGO AMERICA, INC. ) <br> ) <br>            Defendants. ) | Case No. 04 C 12295 NG |

### PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION TO DISMISS

Defendants have raised new issues in their Reply. Although there are new arguments, which will be addressed herein, the Motion to Dismiss still fails to meet the appropriate standards.

**I.      Defendants do not meet the standards for a motion to dismiss and argue facts outside the pleadings.**

All well-pled facts alleged are to be taken as true and all reasonable inferences are to be construed in Plaintiff's favor. *Vartanian v. Monsanto Co.*, 14 F.3d 697, 700 (1st Cir. 1994). Defendants continue to ignore this axiom and continue to argue and dispute the facts and circumstances surrounding the alleged events. Sorting out disputed facts is not a proper function of a motion to dismiss. The documents that have been provided to the Court by Defendants represent a selected smattering of the various contracts and letters that were written between the parties over the course of their year and a half relationship.

Defendants have raised several grounds in their Motion to Dismiss, including various affirmative defenses, including the purported settlement agreement.  For a litigant to prevail in a motion to dismiss on the basis of an affirmative defense, the facts establishing the defense must be apparent on the face of plaintiff's complaint.  *Aldahonda-Rivera v. Parke Davis Co.*, 882 F.2d 590, 591 (1st Cir. 1989).  Defendants have provided additional documents in support of their reply brief, including one not referenced to anywhere in Plaintiff's Amended Complaint (Exhibit 2 attached to Reply Memorandum in Support of Defendants' Motion to Dismiss).  The foundation and authenticity of the document is contested and the weight of the evidence is not to be judged at this stage.

## II.    The Defendants do not meet the standards for a dismissal on the basis of the affirmative defense of release.

In order for the Defendants to prevail on the basis of the affirmative defense of release, the motion must "leave no doubt" that the Plaintiff's action is barred by the asserted defense. *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir. 1998).  Defendants base their motion on a disputed Settlement Agreement.  In the Amended Complaint Plaintiff has alleged, which must be accepted as true at this point, that it exercised a condition subsequent specified in the Settlement Agreement which rendered it "void *ab initio*."  (Amended Complaint ¶¶ 19-20). Plaintiff reiterates that all of the agreements and letters relied upon by Defendants are but a selected portion of the overall picture.  There are many other letters, documents and e-mails that ultimately make up the whole scheme to defraud.

Defendants complain that some factual averments are not alleged in the Amended Complaint, and that there is "no evidence" that the Settlement Agreement was procured by fraud. (Reply Memorandum in Support of Defendants' Motion to Dismiss pp. 7-9).  Again, at the motion to dismiss stage, Plaintiff is not required to put forth "evidence" of its claims, nor is it

required to put plead every single fact or occurrence between the parties that supports its position. Defendants attempt to argue facts outside of the pleadings, specifically regarding Defendants actions taken pursuant to the Settlement Agreement. In a Motion to Dismiss, the court neither weighs the evidence nor rules on the merits, because the issue is not whether Plaintiff will ultimately prevail, but whether it is entitled to offer evidence to support its claims. *Vartanian,* 14 F.3d at 700. If the allegations in the Amended Complaint are sufficient to state a cause of action in accordance with the law under any theory, the Court must deny the Motion to Dismiss. *Id.*

### III.    Plaintiff's breach of contract claims are not barred by the Purchase and Sale Agreement's internal statute of limitations.

Defendants have raised the new argument that Plaintiff's Amended Complaint should be dismissed on the grounds that the contractual statute of limitations expired. Defendants claim that a one year statute of limitations, referenced in the Purchase and Sale Agreement, bars relief. Defendants assert that Plaintiff's claims arose on the date the equipment was delivered and installed (on or about March 15, 2003). However, Plaintiff disputes that assertion because the Amended Complaint makes it clear that the equipment was delivered with the understanding that it was incomplete and would require retrofits to allow it to operate and process the necessary thickness of plastic. Those subsequent promises, continually reaffirmed by Defendants are the foundation for the claim. *See e.g.* Exhibit A (an email from Vince Patella, National Sales Manager for HP-Indigo to Bertrand Pelletier at Sandia Imaging)[1]. By the terms of the document, which Defendants drafted, the Purchase and Sale Agreement did not even become a binding

---

[1] Although Plaintiff contends that Defendants reliance upon facts and documents outside the pleadings is improper, Plaintiff submits this outside document as representative evidence of the fact that the parties had a basic understanding that at the time the equipment was incomplete and would need to be modified.

3

contract until April 30, 2003, at a minimum, the date it was signed by the "duly authorized representative of Indigo America, Inc." *See* Exhibit B to Plaintiff's Amended Complaint.

In this case the date of delivery of the equipment does not commence the running of the statute of limitations. Defendants attempt to pigeonhole Plaintiff into an incorrect starting date is belied by the allegations of the Amended Complaint. The equipment was delivered on or about March 15, 2003, but it was delivered with the accepted understanding that it would be subsequently retrofitted to have that necessary capability to process 30 ml cards. (Amended Complaint ¶¶ 15-16). Defendants continued to make promises to complete the retrofit of the equipment and offered additional promises to Plaintiff intended to induce Plaintiff not to reject the equipment. However, the Amended Complaint alleges that such promises were empty and devoid of any real plans to accomplish the retrofit.

Plaintiff has already addressed and made clear in both its Response to the Motion to Dismiss and in its Amended Complaint that Defendants' actions both before and after the delivery of the equipment are part of an on-going scheme to defraud Plaintiff into purchasing the equipment and not pursuing cancellation and remedial efforts. Defendants continued the fraud by lulling Plaintiff into keeping the equipment and by promising to deliver retrofits on numerous occasions, well into 2003. It was only after the complete failure to deliver the promised retrofits that the Plaintiff's claim actually arose.

Defendants knew that Plaintiff had rented a larger space to accommodate the new equipment, as well as additional machinery necessary to put the final process on the cards produced by the s2000. (Amended Complaint ¶13). This was not a routine delivery of a small piece of office equipment, but a large industrial printing machine that was not simply unloaded, plugged in and ready to go. The equipment was delivered, assembled, and set up over a period

4

of time. Plaintiff and Defendants worked together to set up the system and to conduct the installation. The promises to deliver working equipment were part of a continuing and on-going effort by the parties to operate the equipment according to market specifications. The discussions continued long after the spring of 2003 and throughout 2003. In fact, equipment meeting the promised specifications has never been delivered. Defendants have made numerous concessions to the Plaintiff in recognition of their continuing failure to modify the equipment as promised. (Amended Compliant ¶¶ 17, 19).

Defendants knew they did not deliver equipment with the capabilities that were represented, and as acknowledgement of their continual failed promises Defendants postponed the onset of the lease payments until March 14, 2004, and pushed back the contractual rights and obligations. (Amended Complaint ¶ 17). The facts giving rise to the commencement of the limitation period are in dispute and cannot be resolved at this level. A dismissal on the basis of an affirmative defense must be clear on the face of plaintiff's pleadings and it is not. *Aldahonda-Rivera v. Parke Davis and Co.,* 882 F.2d 590, 591 (1st Cir. 1989). Defendants' proffer of exhibits and alleged facts outside of the pleadings concedes that their affirmative defenses cannot meet the heavy burden to sustain their motion to dismiss.

CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that Defendants' Motion to Dismiss be denied. In the alternative, should Defendants' motion be granted, Plaintiff seeks leave to file a Second Amended Complaint.

<div style="margin-left: 40%">

Respectfully submitted,

ADVANCED CARD SYSTEMS, INC.
d/b/a SANDIA IMAGING
by its attorneys,


  /s/ John T. Hugo_____
John T. Hugo, BBO #567262
Jennifer B. Furey, BBO #634174
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 02110
(617) 737-3100

and

Frank Hill
HILL GILSTRAP
1400 W. Abram Street
Arlington, Texas 76013

</div>

137169v1