UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADVANCED CARD SYSTEMS, INC. <br> d/b/a SANDIA IMAGING, <br><br> Plaintiff, <br> v. <br><br> HEWLETT-PACKARD COMPANY <br> and INDIGO AMERICA, INC., <br><br> Defendants. | Case No. 04 cv 12295 NG |

## DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION ON MOTION TO DISMISS

### INTRODUCTION

Defendants Hewlett-Packard Company ("HP") and Indigo America, Inc. ("Indigo") (collectively, the "Defendants") hereby object to portions of the Report and Recommendation ("Report"), dated September 15, 2005, by Magistrate Judge Collings. Pursuant to F.R.C.P. 72, this pleading sets forth Defendants' Objections (pages 3 to 4) and the reasons for them (pages 4 to 16).

Now that Magistrate Judge Collings has issued the Report, Defendants' motion to dismiss is pending before this Court for decision. Defendants recognize that in many respects the Report fairly summarizes the allegations of the Amended Complaint and the contentions of the parties. Nonetheless, Defendants respectfully submit, the central legal conclusions advanced in the Report are illogical and contrary to well-settled Massachusetts law. Indeed, just one day before Magistrate Judge Collings issued the Report, Judge Keeton issued a decision construing the very same contractual clauses, involving the very same defendants, and concluded that they bar the plaintiff's claims. *See* Memorandum and Order dated September 14, 2005 in *Folino Printing*

3987418v5

*Company v. Indigo America, Inc., et al.*, No. 03-10901-REK (D. Mass.) ("*Folino v. Indigo*") (copy attached hereto as Exhibit 1).[1]  On a careful reading of the Report, the facts and contentions that it presents demonstrate that Plaintiff has no viable claim against Indigo and HP here, just as the plaintiff had no viable claim against Indigo and HP in the recent case decided by Judge Keeton.

As Magistrate Judge Collings correctly explained in his Report, "the gist of Plaintiff's action is that defendants breached a contract with the plaintiff to sell plaintiff a working digital press that plaintiff planned to use to produce plastic cards."  Report, p. 2.  Plaintiff's claim fails for several reasons:

- The parties entered into a settlement agreement and release ("Settlement Agreement") on November 7, 2003.  See Exhibit 4 to Memorandum In Support Of Defendants' Motion To Dismiss.
- The Settlement Agreement was not induced by fraud, and in general Plaintiff has failed to plead fraud with specificity.
- Plaintiff's claims are time-barred pursuant to a one-year statute of limitations in the Purchase and Sale Agreement.  See Exhibit B to Amended Complaint, § 12; *Folio v. Indigo,* p.8.
- The negligence and breach of contract claims are barred by the warranty and limitation of liability provisions in the Purchase and Sale Agreement and two maintenance agreements with Plaintiff.  See Exhibit B to Amended Complaint, § 12; *see also* Exhibits 5 and 6 to Memorandum In Support Of Defendants' Motion To Dismiss.  *See Folio v. Indigo,* pp. 9-11.

The central legal error in the Report concerns the parties' Settlement Agreement.  The parties entered into the Settlement Agreement after arms length business negotiations, and it bars Plaintiff's claims as a matter of law.  The Report acknowledges that the Settlement Agreement is valid and governs all of the claims asserted.  Nonetheless, it recommends that the Settlement Agreement be ignored, because "Plaintiff contends that it elected to void the agreement <u>by purposely failing to comply</u> with the confidentiality requirements of the agreement."  Report, p.

---

[1] The dispositive facts and contracts are undisputed on the pleadings in this case.  Thus, the grounds on which Judge Keeton granted summary judgment in the *Folino v. Indigo* case fully support granting Defendants' motion to dismiss in this case.

3987418v5

9 (emphasis added).  Such a contention should not be countenanced by this Court.  A party to a commercial contract is not permitted to obtain an advantage by purposely failing to comply with its own contractual obligations.

In addition, as Judge Keeton explains in *Folio v. Indigo*, the case should give legal effect to the parties' binding agreement on a limitations period and a limitation of liability.  The recommendation of the Report fails to give effect to these provisions.  This Court should decline to adopt the Report's recommendation in these and other respects, and should grant Defendants' motion to dismiss.

## THE PARTIES' PREVIOUS BRIEFS AND PLEADINGS

Plaintiff's original Complaint is included in the docket as no. 1.  After Defendants filed their motion to dismiss (docket no. 14), Plaintiff filed an Amended Complaint (docket no. 18), which is now the operative statement of Plaintiff's allegations.  Inasmuch as the claims and defenses involved in the Amended Complaint are the same as they were earlier, the parties stipulated that Defendants' earlier memorandum would be treated as applying to it.

If it would be of assistance to the Court, Defendants would be pleased to file a new Memorandum of Law encapsulating the arguments in support of their motion to dismiss.  In expectation that the Court may not wish to receive further briefing, however, Defendants respectfully incorporate by reference their earlier briefs, which are as follows:

- Memorandum In Support Of Motion To Dismiss (docket no. 15) ("Defendants' memorandum"); and

- Reply Memorandum In Support of Motion To Dismiss (docket no. 23).

## OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), and Rule 3(c) of the Local Rules for United States Magistrate Judges, Defendants object to the following portions of the Report:

1.  Pages 7-8, wherein Magistrate Judge Collings characterizes the Settlement Agreement.

2.  Page 11, wherein Magistrate Judge Collings recommends that the Court should not consider Exhibits 2, 3, 5, 6, and 7 to Defendants' Memorandum (docket no. 15), including the Business Builder Agreement and the Shared Maintenance Agreement, which are acknowledged by Plaintiff as being undisputed. *See* page 14, note 5 below.

3.  Pages 11-12, wherein Magistrate Judge Collings recommends that Plaintiff states a cause of action for fraud in the inducement.

4.  Pages 14-15, wherein Magistrate Judge Collings recommends that Plaintiff pleads fraud with particularity pursuant Fed. R. C. P. 9(b) with respect to a representation allegedly made in November, 2002.

5.  Pages 15-19, wherein Magistrate Judge Collings recommends that the claims are not barred by the Settlement Agreement because Plaintiff intentionally breached the confidentially provisions of the Agreement in order to render it void.

6.  Pages 19-20, wherein Magistrate Judge Collings recommends that the issue of whether the claims are barred by the limitations period set forth in the Purchase and Sale Agreement is not suitable for determination on a motion to dismiss.

7.  Pages 20-25, wherein Magistrate Judge Collings recommends that the negligent misrepresentation claim should not be dismissed at this stage.

8.  Pages 25-26, wherein Magistrate Judge Collings recommends that Plaintiff has stated a claim for breach of contract.

## ARGUMENT[2]

I. Plaintiff Settled And Released Defendants From All Claims
 Concerning the Equipment's Alleged Inability to Print 30 ml Plastic Cards.

Plaintiff's three claims (for fraud, negligent misrepresentation and breach of contract; *see* Amended Complaint, ¶¶ 21-23) stem from a single contention: Plaintiff alleges that the Equipment it purchased is not able to print 30 ml plastic cards. *See* Amended Complaint, ¶¶ 14-20.

Plaintiff installed the Equipment in March 2003, notified Defendants of its dissatisfaction with the Equipment immediately thereafter, and settled its claims in November 2003. The express terms of the Settlement Agreement resolved "all outstanding customer satisfaction issues" concerning the Equipment, and released Defendants "from any and all claims or damages relating to or arising from the Purchase and Sale Agreement." *See* Report, p. 16; Exhibit 4 to Defendants' Memorandum (docket no. 15). The release extended to all claims that "relate to or arise from" the alleged deficiencies of the digital press. There are no claims left to bring before this Court, because they have all been settled and released.

Magistrate Judge Collings recognized that the Settlement Agreement governs all of the claims in this case. By its plain terms, it addresses "all outstanding matters between HP Indigo and Sandia." Report, p. 17. Thus, "upon first reflection, it would appear that based on the unambiguous terms of the agreement that plaintiff would be barred from bringing suit against defendants because it released all claims against defendants arising from the purchase of the

---

[2] For purposes of this Motion only, Defendants accept as true, as they must, the factual allegations in the Amended Complaint. *See*, *e.g.*, *Chongris v. Bd. of Appeals*, 811 F.2d 36, 37 (1st Cir. 1987), *cert. denied*, 483 U.S. 1021 (1987). Except as noted herein, Defendants recognize that the Report conscientiously summarizes the allegations of the Amended Complaint and the contentions of the parties. The Report correctly reasons that the Court may properly consider, for purposes of a Rule 12 motion to dismiss, the five exhibits attached to the Complaint, and also the Settlement Agreement attached to Defendants' Motion. Report, p. 11. The Report further recommends that the Court should not consider several additional documents that have been advanced by Defendants. Report, p. 10-11. We will address these additional documents below insofar as they are relevant to these Objections. *See* page 14, note 5 below.

s2000." Report, pp. 17-18.  In the next sentence after recognizing the validity of the Settlement Agreement, however, the Report eviscerated it by noting "it is undisputed that plaintiff failed to comply with the confidentiality provisions of the agreement." *Id.*

As Magistrate Collings had already explained, "Plaintiff contends that it elected to void the agreement <u>by purposely failing to comply</u> with the confidentiality requirements of the agreement."  Report, p. 9 (emphasis added).  Massachusetts law does not countenance such conduct.  It is well established that "[e]very contract implies good faith and fair dealing between the parties to it." *Anthony's Pier Four, Inc. v. HBC Associates*, 411 Mass. 451, 471 (1991).  Specifically, "[t]he implied covenant of good faith and fair dealing provides that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Id.* "The covenant is preserved so long as neither party injures the rights of another to reap the benefits prescribed by the terms of the contract." *Uno Restaurants, Inc. v. Boston Kenmore Realty Corp.*, 441 Mass. 376, 385 (2004).  Plaintiff, having obtained the benefit of the Settlement Agreement, was not permitted to breach its own contractual obligations in order to deprive Defendants of the benefits of the release.[3]  Contending that it has done exactly that, Plaintiff comes to court with unclean hands and is not entitled to relief. *Amerada Hess Corp. v. Garabedian*, 416 Mass. 149, 156 (1993); *see also Precision Instrument Mfg. Co. v. Auto Maint. Mach. Co.*, 324 U.S. 806, 814 (1945).  Massachusetts law does not permit Plaintiff to escape its obligations in this self-serving manner.

---

[3] Here, in exchange for $13,000, a year of free maintenance service, and a reduced per-impression rate, Plaintiff agreed to settle and release the defendants from all claims concerning the Equipment's alleged inability to print 30 ml plastic cards. *See* Report, p. 16; Exhibit 2 to Defendants' Memorandum (docket no. 15).  It is undisputed the Defendants fulfilled each of the commitments they undertook in the Settlement Agreement.  Plaintiff should be required to do the same.  To hold otherwise would be grossly unjust, as it would permit Plaintiff to attempt to collect on its claims concerning the Equipment when it has already been paid for them once.  "A settlement contract may not be unilaterally rescinded."  *Village of Kaktovik v. Watt*, 689 F.2d 222, 230 (D.C. Cir. 1982).  "As noted above, plaintiffs received the [defendant's] promise of payment of $60,000 in exchange for waiver of their right to litigate the merits.  There is no justification for now giving them both the guarantee of $60,000 and an opportunity to litigate the merits…." *Id.* at 231.

The relevant portion of the Settlement Agreement provides as follows:

> *. . . Sandia agrees that this Letter Addendum, and all matters contained here as well as any actions taken by the parties hereto, shall be held in the strictest of confidence and shall not be disclosed by Sandia . . .* to any third party without the prior written consent of HP Indigo.  *In the event Sandia fails to comply with this confidentiality requirement, this Letter Addendum shall become void ab initio* and HP Indigo shall have the right to invoice Sandia pursuant to the s2000 Business Builder Agreement . . . between the parties, retroactive to the date of this letter agreement . . . .

Exhibit 4 to Defendants' Memorandum (emphasis added).[4]

The Settlement Agreement imposed these confidentiality obligations on Plaintiff, not on HP or Indigo.  In view of the express terms of the Settlement Agreement, it is clear that <u>only</u> Indigo possessed the right to void the agreement if Plaintiff breached its confidentiality provisions.  The parties did not agree, and it is illogical for to the Magistrate Judge to conclude, that Plaintiff could render the Agreement void by the expedient step of violating its own confidentiality obligations.

Massachusetts law favors the settlement of disputes and the enforcement of releases.  *Sharon v. City of Newton*, 437 Mass. 99, 105 (2002); *In re Boston Shipyard Corp.*, 886 F.2d 451, 454 (1st Cir. 1989) (modification to contract made clear it was to serve as a release of all claims and that parties had reached an accord and satisfaction on all possible claims); *Nauskeag Inn, Inc. v. Rideout*, 351 Mass. 353, 355-56 (1966) (release of all claims "arising out of the sale  . . . of the inn" included claims for fraud and misrepresentation); *Bradford Glen, Inc. v. Capobianco*, 62 Mass. App. Ct. 1106 (2004) (claim is barred by doctrine of accord and satisfaction where parties intended to extinguish preexisting claims); *Cabot Corp. v. AVX Corp.*, 18 Mass. L. Rptr. 36, No. 032125BLS, 2004 WL 1588116, at *7 (Mass. Super. Ct. June 18, 2004).  "Where

---

[4] As the Report correctly noted, the Court may properly consider the Settlement Agreement in connection with this motion to dismiss.  Report, p. 11.  After all, the Amended Complaint expressly relies on and refers to the Settlement Agreement in the course of contending that it is void.  *See* Amended Complaint,¶ 19.

3987418v5

sophisticated business entities execute mutual releases in the course of arm's length negotiations, courts are even more scrupulous in holding the parties to their bargain." *2 Broadway LLC v. Credit Suisse First Boston Mortgage Capital LLC*, No. 00 Civ. 5773 GEL, 2001 WL 410074, at *6 (S.D.N.Y. Apr. 23, 2001).

As we will explain next, Plaintiff's allegations of fraud are not sufficient to undermine the Settlement Agreement. It follows that the Settlement Agreement should be enforced and Plaintiff's claims should be dismissed.

    II.    Plaintiff's Fraud Claim Does Not Undermine The Settlement Agreement, And Plaintiff Has Not Pleaded Fraud With The Requisite Specificity.

Magistrate Collings recognized that almost all of Plaintiff's allegations fail to meet the specificity requirement of Rule 9(b). Report, pp. 15-16. He concluded that Plaintiff has specified one and only one fraudulent statement, which he found "barely" sufficient to plead fraud in the inducement. Report, p. 14. In particular, according to Paragraph 8 of the Amended Complaint, Indigo represented that "cards which were 30ml in thickness, samples of which were provided to plaintiff during Indigo's solicitation of plaintiff, had been digitally printed on the s2000." Report, p.14. This representation was allegedly made on November 22, 2002. This representation allegedly induced Plaintiff to sign the Purchase and Sale Agreement in December 2002. After the Equipment was installed in March 2003, Plaintiff complained about the performance of the Equipment. In the month of October, 2003, the parties discussed settlement. And in November, 2003, the parties executed the Settlement Agreement.

In light of these extensive intervening events, the representation allegedly made by Indigo in November 2002 could not possibly have induced Plaintiff to settle its claims a full year later. Therefore, the only representation that is recognized by Magistrate Judge Collings is plainly insufficient to undermine the Settlement Agreement.

As Judge Keeton wrote in *Folino v. Indigo* (at 15), Plaintiff "should not be able to avoid a contractual limitation period by merely re-framing its breach of contract or a [sic] breach of warranty claim as grounds for fraud in the inducement."

Magistrate Judge Collings was correct in reasoning that Plaintiff's other allegations of fraud are insufficient. Rule 9(b) of the Federal Rules of Civil Procedure requires that "all averments of fraud [and] . . . the circumstances constituting fraud . . . shall be stated with particularity." As a matter of law, this requires the plaintiff to specify "the time, place and content of an alleged false representation . . . ." *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 228 (1st Cir. 1980). This special pleading requirement is designed to ensure that the defendant is provided with "notice of the grounds on which plaintiff's fraud claim rests." *Id*. at 228-229. Plaintiff has not pleaded the time, place or content of these other allegedly fraudulent statements. Instead, the Complaint refers only generally to "representations regarding the cost of production" allegedly made in the "summer of 2002," without identifying precisely what statements were made, when they were made, or what precisely was said which Sandia alleges was untrue. Thus "all fraud claims based on any other misrepresentations must be dismissed for failure to comply with Rule 9(b)." Report, p.15.

Defendants respectfully submit that Magistrate Judge Collings was mistaken in his assessment of the one representation allegedly made in November 2002. *See* Report, p 14. It is set forth in Paragraph 8 of the Amended Complaint, which alleges that Defendants made a representation about the printing capabilities of the Equipment. The parties' Purchase and Sale Agreement, however, carefully sets forth the contours of Defendants' obligation, and all earlier representations were disclaimed. *See* Purchase and Sale Agreement, Exhibit B to the Amended Complaint, page 1 and section 18. This allegation is therefore barred. *See, e.g., Turner v.*

*Johnson & Johnson*, 809 F.2d 90, 97 (1st Cir. 1986); *Starr v. Fordham*, 420 Mass. 178, 188 (1995). Moreover, when the parties later entered the Settlement Agreement, they addressed this particular point head-on. The Settlement Agreement flatly stated that states:

> HP *will consider Sandia as a candidate* for the beta testing of Seller's *proposed* upgrade option of a 'Thick Substrates Kit' for the hp indigo press s2000 (the 'Thick Substrates Option'). In this regard, however, *Sandia acknowledges that the Thick Substrates Option is still under development and the commercial release and/or availability of same* (upon successful completion of testing) *may be delayed for technical, commercial or other reasons, including HP's decision, in its sole discretion, not to proceed with the development and/or commercial [sale] of the Thick Substrates Option.*

Exhibit 4 to Defendants' Memorandum (emphasis added). The parties agreed to this description, plainly stating that the capability desired by Plaintiff was still under development and might not proceed. Plaintiff cannot possibly claim that the November 2002 representation survives this agreed description.

For these reasons, therefore, the claim for fraud in ¶ 21 is deficient and should be dismissed. *See, e.g., Wayne Inv., Inc. v. Gulf Oil Corp.*, 739 F.2d 11, 13 (1st Cir. 1984) (upholding dismissal of fraud claim because unspecific allegations did not show that a fraud was committed).

III.   Plaintiff's Claims Are Barred Because This Lawsuit Was Not Filed Within One Year Of When The Claims Arose.

When Plaintiff agreed to purchase the Equipment, and when Indigo agreed to sell it, the parties agreed that any legal action concerning the Equipment was required to be brought within one year of when the claim arose. They further agreed that if the legal action was not commenced within that one-year period, it would be forever barred. Judge Keeton construed exactly the same clause in *Folino v. Indigo* and authoritatively reasoned that it bars all claims. *See Folino v. Indigo*, p. 8.

The parties' Purchase and Sale Agreement, which Plaintiff has put before the Court, provides as follows in section 12:

> 12.  **DISPUTES**.  The parties' agreement in respect of the Equipment shall be deemed to be entered into in Massachusetts and to be a Massachusetts contract and shall be governed and construed in accordance with the laws of the Commonwealth of Massachusetts.  *Seller and Buyer specifically agree that any legal action brought relating to the Equipment*, consumables and/or supplies purchased *or relating to the parties' agreement in respect thereof will be commenced in Massachusetts within one (1) year after the relevant claim arises, failing which such claim shall be barred notwithstanding any longer statutory period of limitations.*

Amended Complaint, Ex. B, ¶ 12 (emphasis added).

According to the Report (page 23), the "[r]esolution of whether the … limitation of liability provisions bar plaintiff from bringing suit against defendants is not well suited for a motion to dismiss."  Defendants respectfully submit that there is no such difficulty.  The Court need not hesitate to dismiss a complaint where, as here, it is clear that the plaintiff failed to assert its claims within the contractual time period.  *See Folino v. Indigo* at 8*; Alcorn v. Raytheon Company*, 175 F. Supp. 2d, 117, 121, 123 (D. Mass. 2001).

It is well established that, "in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period."  *Order of Travelers v. Wolfe*, 331 U.S. 586, 608 (1947).  *See also Hays v. Mobil Oil Corp.*, 930 F.2d 96, 100 (1st Cir. 1991); *Alcorn v. Raytheon Co.*, 175 F. Supp. at 121 ("contracting parties may agree upon a shorter limitations period as long as it is reasonable") (quoting *I.V. Servs. of Am. v. Inn Dev. & Mgmt.*, 7 F. Supp. 2d 79, 86 (D. Mass. 1998), *aff'd*, 182 F.3d 51 (1st Cir. 1999)); Mass. Gen. Laws ch. 106, § 2-725

(contracting parties are permitted to reduce the period of limitation for commencing action on a contract to one year).

*Folino v. Indigo* upheld exactly the same one-year clause that governs here. More generally in Massachusetts, a one-year limitations period has repeatedly been held to be reasonable and enforceable. *See, e.g., Hays v. Mobil Oil Corp.*, 930 F.2d at 100; *Reynolds Indus., Inc. v. Mobil Oil Corp.*, 618 F. Supp. 419, 423 (D. Mass. 1985); *Albrecht v. Clifford*, 436 Mass. 706, 718 (2002). *See also Int'l Bus. Mach. Corp. v. Catamore Enters., Inc.*, 548 F.2d 1065, 1073 (1st Cir. 1976) (comprehensive written agreements entered into between two sophisticated parties cannot be "easily bypassed or given restrictive interpretations.").

Each of Plaintiff's purported claims arose, if at all, far longer than one year before Plaintiff filed the original Complaint. *See Folino v. Indigo* at 8: "Folino's claims for negligent misrepresentation and fraud are also governed by the one-year limitation period because they essentially restate Folino's breach of contract and breach of warranty claims against Indigo."

Fraud:  As noted above (*see* page 8), the only fraud claim advanced with any specificity in the Amended Complaint involves a representation allegedly made by Defendants in November, 2002.  (In that month, allegedly, Vince Pentella represented that the Equipment would be able to print 30 ml plastic cards.)  Amended Complaint, ¶¶ 7, 8.  Plaintiff's claims for fraud and negligent misrepresentation arose when Plaintiff learned or reasonably should have learned of the misrepresentation. *Friedman v. Jablonski*, 371 Mass. 482, 485 (1976); *McEneaney v. Chestnut Hill Realty Corp.*, 38 Mass. App. Ct. 573, 577 (1995); *Cargill v. Gilmore*, 1 Mass. L. Rptr. 167, No. 920485G, 1993 WL 818899, at *3 (Mass. Super. Ct. Aug. 18, 1993).  The Equipment was delivered and installed on March 15, 2003, and Plaintiff began

complaining about it immediately. Yet Plaintiff did not commence suit until August 24, 2004, well more than one year later.

Breach of Contract: Turning to Plaintiff's breach of contract claim, Plaintiff alleges that from the moment the Equipment was delivered and installed on March 15, 2003, the Equipment "was unable. . . to process printing on 30 ml plastic." Amended Complaint, ¶ 14. Further, according to Plaintiff, the defendants "responded with promises to correct the [Equipment] and retrofit the system with modifications to enable it to print . . . the 30 ml cards." *Id*., ¶ 15. These representations allegedly were made in April and May, 2003. *Id*. Plaintiff asserts that despite those alleged promises, the modifications were never delivered. *Id*. We are well more than one-year past these dates as well.

The Report notes that "[t]he parties go to great lengths in their papers arguing over when the so-called relevant claims arose. Report, p. 19. For the reasons that Judge Keeton explained, however, the Plaintiff's contentions are unavailing. Under Massachusetts law, Plaintiff's claims for breach of contract arose at the time of the breach, "regardless of the aggrieved party's lack of knowledge of the breach." *Folino v. Indigo* at 9. *See also Flannery v. Flannery*, 429 Mass. 55, 58 (1999) ("The general rule in breach of contract cases is that a cause of action accrues when the contract is breached."); *Campanella & Cardi Construction Co. v. Commonwealth*, 351 Mass. 184, 185 (1966) ("A cause of action for breach of contract accrues at the time of the breach.") (citing *Boston Tow Boat Co. v. Medford Nat'l Bank*, 232 Mass. 38, 41 (1919)). Plaintiff admits it became aware of the alleged misrepresentations and breaches by March 15, 2003, when the Equipment was installed. Amended Complaint, ¶ 14. This is the pertinent date, since Plaintiff contends "there were constant problems with the machine after it was accepted." *See Folino v. Indigo* at 9. Yet Plaintiff did not file this lawsuit within a year thereafter.

In order to enforce the plain agreement of the parties, Massachusetts law teaches that Plaintiff's claims should be dismissed. *Albrecht v. Clifford*, 436 Mass. 706, 718 (2002).

IV.   Plaintiff's Claims Are Barred By The Warranty And Limitation of Liability Clauses.

Plaintiff's claims are barred by binding provisions that set forth a notice requirement and a limitation of liability. The provisions are contained in the parties' Purchase and Sale Agreement (which Plaintiff supplied to the Court as Exhibit B to the Amended Complaint) and the Shared Maintenance Agreement (which is Exhibit 6 to Memorandum In Support Of Defendants' Motion To Dismiss). *See* Report, p. 21; *see* note 4 below. These clauses are essentially the same as those applied by Judge Keeton two weeks ago in *Folino v. Indigo*. As Judge Keeton explained, Plaintiff's claims for fraud and negligent misrepresentation are an attempt to restate its claims for breach of contract and breach of warranty. *Folino v. Indigo* at 8. Therefore, all of Plaintiff's claims are subject to the same analysis. *Id.* at 8, 13.

Under section 8(a) of the Purchase and Sale Agreement, Sandia was required within three months – i.e. before June 15, 2003 - to provide written notice of, or to assert, any claim concerning the Equipment. Amended Complaint, Ex. B, § 8(a). Sandia did not do this. Therefore its claims expired. Judge Keeton reached exactly that result in *Folino v. Indigo* (at 10-12).

In addition, section 8(d) of the Purchase and Sale Agreement expressly stated "THERE ARE NO OTHER WARRANTIES . . . LIABILITIES OR GUARANTEES," and that "BUYER, EXCEPT AS AFORESAID, SHALL HAVE NO CLAIM AGAINST SELLER OF ANY NATURE WHATSOEVER, *WHETHER ARISING IN CONTRACT, TORT, NEGLIGENCE OF ANY DEGREE* . . . OR OTHERWISE, WITH RESPECT TO THE EQUIPMENT OR ANY

PART THEREOF DELIVERED HEREUNDER . . . ." Amended Complaint, Ex. B, § 8(d) (emphasis added).[5]

Because these provisions are unambiguous, Massachusetts law teaches that they should be enforced according to their terms. *See Agri-Mark, Inc. v. Niro, Inc.*, 233 F. Supp.2d 200, 209 (D. Mass. 2002); *116 Commonwealth Condominium Trust v. Aetna Cas. & Sur. Co.*, 433 Mass. 373, 376 (2001). Massachusetts law further provides that limitation of liability provisions like those in the Purchase and Sale Agreement and the maintenance agreements are enforceable.[6] *See, e.g.*, *Logan Equip. Corp. v. Simon Aerials, Inc.*, 736 F. Supp. 1188 (D. Mass. 1990); *Northridge Homes, Inc. v. John W. French & Assoc., Inc.*, 10 Mass. L. Rptr. 690, 1999 WL 1260285, *4-5 (Mass. Super. November 15, 1999) (there is no bar in Massachusetts to enforcing a contract provision which sets the date on which the statute of limitation would begin to

---

[5] The Business Builder Agreement and the Shared Maintenance Agreement, in turn, provided Sandia with a 30-day warranty from when the labor was performed and/or the part was replaced. Exhibits 5 at § 12, 6 at § 12 to Defendants' Memorandum. The Business Builder Agreement and Shared Maintenance Agreement are integral to the Amended Complaint and their authenticity is undisputed. Indeed, Plaintiff acknowledges that it executed these agreements. *See* Plaintiff's Response (docket no. 19), p. 7, note 1. Therefore, the Court may consider these documents. Except for the 30-day warranty, Indigo disclaimed all other warranties, liabilities and guarantees of "ANY NATURE WHATSOEVER, ARISING IN CONTRACT, TORT, NEGLIGENCE OF ANY DEGREE, STRICT LIABILITY OR OTHERWISE, WITH RESPECT TO THE EQUIPMENT OR ANY PART THEREOF AND/OR WITH RESPECT TO SERVICES." Exhibit 5 at § 12; Exhibit 6 at § 12 to Defendants' Memorandum. Plaintiff does not allege that the Defendants negligently performed services on the Equipment within the 30-day period preceding the filing of the Complaint. Any claim for negligence at an earlier time is barred by the Business Builder and Shared Maintenance Agreements.

[6] Under Massachusetts law, parties are permitted to agree by contract to a limitation of their liability as long as the limitation is not unconscionable. *See* M.G.L. § 2-719 (2003) (parties permitted to agree to remedies in addition to or in substitution of those provided in U.C.C.); *Agri-Mark*, 233 F. Supp.2d at 211-12 (enforcing provision excluding consequential damages); *Deerskin Trading Post, Inc. v. Spencer Press, Inc.*, 398 Mass. 118, 124 (1986) (limiting damages to refund of purchase price is a reasonable business practice where parties are sophisticated business entities and consequential damages could be excessive). When determining whether a clause is unconscionable, the court may consider: (1) the sophistication of the parties; (2) the plaintiff's clear intent to accept the risk of consequential damages; and (3) the existence of a minimally adequate remedy. *See Agri-Mark,* 233 F. Supp.2d at 211. Here, the limitation on liability clause is not unconscionable because (1) the parties are both sophisticated business entities (as evidenced by the Settlement Agreement Sandia negotiated for itself), (2) Sandia agreed to the limitation on damages provisions when it entered into the Purchase and Sale Agreement and the maintenance agreements; and (3) there was a sufficient remedy provided under the contracts—the cost of repairing or replacing the defective parts during the warranty period and/or refunding the amount paid for parts and labor for 30-days following a service call. *See Agri-Mark,* 233 F. Supp.2d at 211. Accordingly, section 8(d) in the Purchase and Sale Agreement and section 12 in the Business Builder and Shared Maintenance Agreements should be enforced according to their terms.

-15-

3987418v5

accrue.); *see also Canal v. Westinghouse Elec. Corp.*, 406 Mass 369, 374-75 (1990) (enforcing provision excluding consequential damages).

The Report is mistaken in recommending that factual issues require discovery and preclude resolution on a motion to dismiss. Report, p. 23 and note 6. The facts are reasonably plain, as set forth more fully in Defendants' Reply Memorandum (docket no. 23). We summarize here.

Plaintiff contends it was entitled to a six-month warranty (running to September 15, 2003) instead of a three-month warranty, because one of Plaintiff's employees completed a Shared Maintenance Training Course. Plaintiff's Response (docket no. 19), p. 7. Under the applicable agreements, if the employee had completed this course within six months of the March 15, 2003 installation of the Equipment, then Plaintiff would have been entitled to a six-month warranty (rather than a three-month warranty). Plaintiff's contention is mistaken however, and the Amended Complaint supplies the necessary facts. Plaintiff attached to the Amended Complaint as Exhibit E a certificate concerning the employee's completion of the Maintenance Course. The certificate demonstrates that this employee took the course in the year 2000, not within six months of the installation of the Equipment. Since the training requirement was intended to insure that Sandia would be schooled in how to repair the new digital press it had purchased, the training that Mr. Maldonado had received more than two years earlier simply did not satisfy the contract requirement. Plaintiff's contention on this point presents an issue of law, and it may be resolved on a motion to dismiss.

Next, while acknowledging that Massachusetts law permits parties to contractually agree to limit their liability, *see* Mass. Gen. Laws c. 106, § 2-719, Plaintiff contends that the warranty provisions in the Purchase and Sale Agreement and the maintenance agreements should not be

-16-

enforced because the repair-and-replace provisions failed of their essential purpose. This contention, too, presents an issue of law, and Plaintiff's assertion is untrue for two reasons. First, as a matter of law, the repair-and-replace provisions became inapplicable when the warranties expired pursuant to the Purchase and Sale Agreement (June 15, 2003) and the maintenance agreements (30 days after the services were performed). *See, e.g., Boston Helicopter Charter, Inc. v. Augusta Aviation Corp.*, 767 F. Supp. 363, 374 (D. Mass. 1991). *See also Wisconsin Power & Light Co. v. Westinghouse Elec. Corp.*, 830 F.2d 1405, 1412-13 (7th Cir. 1987). Plaintiff failed to assert its claims until after those warranties expired, and therefore the repair-and-replace provisions cannot be said to have failed of their essential purpose.

Second, the Amended Complaint makes clear that it was in response to Plaintiff's complaints about the Equipment that the parties entered into the October, 2003 Settlement Agreement. As a result, Plaintiff received $13,000, a year's free maintenance and a reduced per-impression charge. Inasmuch as this accommodation more than fulfilled the defendants warranty obligations (to the extent they had not lapsed already), the clauses cannot be said to have failed of their essential purpose. Thus, the limitation of liability provisions in the agreements are entitled to be enforced.

## CONCLUSION

The same contractual provisions that Judge Keeton entered in *Folino v. Indigo* apply with equal force here. Defendants respectfully submit that the Report of Magistrate Judge Collings recommends an erroneous result. For the reasons stated above and in Defendants' earlier Memorandum and Reply Memorandum, Defendants respectfully submit that their motion to dismiss should be granted, and the Amended Complaint should be dismissed.

>Respectfully submitted,
>
>_____/s/ E. Page Wilkins_____
>Kevin P. Light (BBO #300110)
>Robert M. Buchanan, Jr. (BBO #545910)
>E. Page Wilkins (BBO #654535)
>CHOATE HALL & STEWART
>Two International Place
>Boston, MA  02110
>(617) 248-5000

Dated:  September 29, 2005

REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Defendants respectfully request oral argument on these Objections and on Defendants' motion to dismiss.

3987418v5