UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADVANCED CARD SYSTEMS, INC. )<br>d/b/a SANDIA IMAGING )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>HEWLETT-PACKARD COMPANY )<br>and INDIGO AMERICA, INC. )<br>    Defendants. )<br>) | Case No. 04 cv 12295 NG |

## DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT AND DEFENDANTS' COUNTERCLAIM

### ANSWER

Defendants Hewlett-Packard Company and Indigo America, Inc. (collectively, "Defendants"), hereby respond to the numbered paragraphs of the Second Amended Complaint.

### I. PARTIES, JURISDICTION AND VENUE

1. Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Amended Complaint, and therefore deny the same.

2. Hewlett-Packard Company ("HP") admits the allegations set forth in Paragraph 2 of the Amended Complaint.

3. Defendants admit that Indigo America, Inc. ("Indigo") is a Delaware corporation doing business in Texas, and is a subsidiary of HP. Defendants further admit that they manufacture, market, sell, distribute and service printing presses.

4. Paragraph 4 of the Amended Complaint purports to summarize the procedural events of this case, as to which no response is required.

## II. FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Amended Complaint, and therefore deny the same.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Amended Complaint, and therefore deny the same.

7. Defendants admit that in the summer of 2002, Vince Pentella and Martin Quintana, as agents of Indigo, communicated with Sandia with respect to the possibility of Sandia making a purchase from Indigo. Defendants deny the remainder of the allegations set forth in Paragraph 7 of the Amended Complaint.

8. Defendants deny the allegations set forth in Paragraph 8 of the Amended Complaint.

9. Defendants deny the allegations set forth in Paragraph 9 of the Amended Complaint.

10. Defendants deny the allegations set forth in Paragraph 10 of the Amended Complaint.

11. Defendants deny the allegations set forth in Paragraph 11 of the Amended Complaint.

12. Defendants admit that Indigo entered into the Purchase and Sale Agreement attached as Exhibit B to the Amended Complaint and that the document speaks for itself. Also, Defendants admit that HP Financial Services entered into the Business Lease Agreement attached as Exhibit C to the Amended Complaint and that the document speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 12 regarding Sandia's facility and therefore deny the same. Defendants deny the remainder of the allegations set forth in Paragraph 12.

13. Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 13 of the Amended Complaint, and therefore deny the same.

14. Defendants admit that the s2000 was delivered to and installed at Sandia's premises on or about March 15, 2003. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 regarding any alterations Sandia made to its printing process, and therefore deny the

same. Defendants deny the remaining allegations set forth in Paragraph 14 of the Amended Complaint.

15.     Defendants deny the allegations set forth in Paragraph 15 of the Amended Complaint, except Defendants admit that Sandia made numerous complaints about the s2000 beginning very soon after its installation.

16.     Defendants deny the allegations set forth in Paragraph 16 of the Amended Complaint, except Defendants admit that Sandia sent a letter, a copy of which is attached to the Amended Complaint as Exhibit D, and which speaks for itself.

17.     Defendants deny the allegations set forth in Paragraph 17, except Defendants admit that Sandia's lease commencement was postponed from August 2003 until March 2004.

18.     Defendants deny the allegations set forth in Paragraph 18 of the Amended Complaint, except Defendants admit that in October 2004 the parties communicated regarding a letter agreement.

19.     In response to Paragraph 19, Defendants state that the letter agreement speaks for itself, and so Paragraph 19 does not require a response. Nevertheless, Defendants further answer that the last sentence of Paragraph 19 is an inaccurate characterization of the letter agreement.

20. Defendants admit that Bertrand Pelletier signed the letter agreement on behalf of Sandia, and that George Krikorian of HP signed the letter agreement on behalf of Defendants. Defendants deny the remaining allegations set forth in Paragraph 20.

### III. CAUSES OF ACTION

### FRAUD AND FRAUD IN THE INDUCEMENT

21. Defendants deny the allegations set forth in Paragraph 21 of the Amended Complaint.

### NEGLIGENT MISREPRESENTATION

22. Defendants deny the allegations set forth in Paragraph 22 of the Amended Complaint.

### BREACH OF CONTRACT

23. Defendants deny the allegations set forth in Paragraph 23 of the Amended Complaint.

### IV. DAMAGES

24. Defendants deny that Sandia is entitled to the relief it seeks or any other relief.

25. Defendants deny that Sandia is entitled to the relief it seeks or any other relief.

26. Paragraph 26 does not require a response.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (Failure to State a Claim)

The Amended Complaint fails to state a claim against Indigo upon which relief may be granted.

### SECOND DEFENSE
### (Accord and Satisfaction)

The parties executed a written Settlement Agreement, as alleged in Paragraph 20 of the Amended Complaint. Therefore Sandia's claims are barred by the doctrine of accord and satisfaction.

### THIRD DEFENSE
### (Warranty)

Sandia's claims are barred by the warranty provisions in the Purchase and Sale Agreement and the maintenance agreements between the parties, which provide for a limited warranty only.

### FOURTH DEFENSE
### (Limitation of Liability)

Sandia's claims are barred by the limitation of liability provisions in the Purchase and Sale Agreement and the maintenance agreements between the parties

### FIFTH DEFENSE
### (Contractual Statute of Limitations)

Sandia's claims are barred by the Purchase and Sale Agreement's one-year limitations period.

## SIXTH DEFENSE
### (Unclean Hands and Bad Faith)

Sandia's claims are barred, in whole or in part, by its unclean hands. Sandia alleges that it deliberately violated its own obligations under the Settlement Agreement so that it could contend that the Settlement Agreement is void. This conduct and this contention violate the covenant of good faith and fair dealing that attaches to the Settlement Agreement.

## SEVENTH DEFENSE
### (Mitigation)

Sandia's recovery, if any, should be reduced or eliminated to the extent that Sandia has failed to take action reasonably necessary to mitigate its alleged damages.

## EIGHTH DEFENSE
### (Laches)

Sandia's claims are barred by the doctrines of laches and acquiescence.

## NINTH DEFENSE
### (Estoppel)

Sandia's claims are barred by the doctrines of waiver and estoppel.

## TENTH DEFENSE
### (HP Not Involved)

HP was not involved in the conduct alleged, and therefore Sandia has no claim against HP.

## COUNTERCLAIM

Hewlett-Packard Company ("HP") and Indigo America, Inc. ("Indigo") allege for their counterclaim as follows:

### The Parties

1.	Counterclaim-plaintiff HP is a Delaware corporation with a principal place of business in California. Counterclaim-plaintiff Indigo is a wholly-owned subsidiary of HP, which is incorporated in the State of Delaware and has its principal place of business located in Massachusetts.

2.	Counterclaim-defendant Advanced Card Systems, Inc., d/b/a Sandia Imaging ("Sandia") is a Texas corporation with its principal place of business in Texas.

### Jurisdiction And Venue

3.	This court has jurisdiction over this counterclaim pursuant to Fed. R. Civ. P. 13 and pursuant to 28 U.S.C. § 1332.

4.	Venue is proper in this court pursuant to 28 U.S.C. § 1391.

### Factual Allegations

5.	On December 5, 2002, Sandia entered into a Purchase and Sale Agreement with Indigo for the purchase of an HP Indigo s2000 press (the "s2000 press" or the "Equipment").

6.	The Equipment was installed at Sandia's place of business on March 15, 2003.

7. At the time Sandia purchased the s2000 press in December 2000, Sandia understood the press was not then capable of printing on 30 ml plastic.

8. On August 25, 2003, just five months after the equipment was installed, Sandia wrote Indigo demanding that the s2000 press be modified immediately to accommodate its desired substrate. Sandia alleged in its August 25, 2003 letter that in anticipation of the equipment being modified to print on 30 ml plastic, Sandia had incurred various expenses.

9. On or about November 7, 2003, the parties settled Sandia's claims in a letter agreement. The letter agreement was dated October 27, 2003 by HP, and was signed by Sandia on or about November 7, 2003. A true and accurate copy is attached hereto as Exhibit 1 (hereinafter the "Settlement Agreement").

10. As stated in the Settlement Agreement, Sandia agreed: (1) that the Settlement Agreement resolved all outstanding customer satisfaction issues between HP and Sandia related to the s2000 press; (2) to release HP and Indigo "from any and all claims or damages relating to or arising from the Purchase and Sale Agreement;" and (3) to keep the provisions of the Settlement Agreement confidential and not to disclose them. In exchange for these provisions, as stated in the Settlement Agreement, HP and Indigo agreed: (1) to "issue a one time check payment in the amount of Thirteen Thousand dollars ($13,000) to Sandia;" (2) to provide "[t]welve months (commencing October 1, 2003) of Shared Maintenance Service at no charge, pursuant to the terms and

conditions of the attached Click and Shared Maintenance Agreement;" (3) to "[a] fixed rate of $0.0225 `per impression' also pursuant to the terms and conditions of the attached Click and Shared Maintenance Agreement," which includes additional impression rates and other terms; and (4) to consider Sandia as a candidate for testing a "Thick Substrates Kit."

## COUNT I
### (Breach of Contract)

11. HP and Indigo hereby repeat and re-allege all the allegations set forth in paragraphs 1 through 10 above as if fully set forth herein.

12. The Settlement Agreement is valid and should be enforced. It expressly provides that: "[w]ith acceptance of this offer, Sandia agrees to release HP from any and all claims or damages relating to or arising from the Purchase and Sale Agreement.

13. Sandia has breached the parties' Settlement Agreement by bringing this suit against HP and Indigo for claims and damages that were expressly settled and released under the Settlement Agreement.

14. Sandia's breach has harmed HP and Indigo by forcing them to incur the costs of defense. HP and Indigo are entitled to all damages incurred from the defense of Sandia's claims, including attorneys' fees, and other expenses, which are in excess of $75,000.

## COUNT II
### (Disgorgement, Restitution and Breach of The Covenant of Good Faith and Fair Dealing)

15. HP and Indigo hereby repeat and re-allege all the allegations set forth in paragraphs 1 through 14 above as if fully set forth herein.

16. Sandia has breached the parties' Settlement Agreement by disclosing the terms of said agreement in violation of the explicit confidentiality provision. Sandia contends that this conduct provides a basis for Sandia to declare that the Settlement Agreement is void, as alleged in Paragraph 20 of the Amended Complaint.

17. By the foregoing conduct and contention, Sandia has violated the covenant of good faith and fair dealing that is inherent as a matter of law in the Settlement Agreement.

18. HP and Indigo believe the Settlement Agreement is valid and should be enforced as stated in Count I. In the alternative, if Sandia is permitted to render the Settlement Agreement void, then Sandia is no longer entitled to the benefits that it received under the Settlement Agreement. Sandia must therefore disgorge the benefits that it received under the Settlement Agreement, which include at least (a) $13,000, plus (b) the price of a year's maintenance, plus (c) the sum total of the discount Sandia enjoyed by virtue of applying the reduced impression rate rather than the applicable standard rates.

WHEREFORE, HP and Indigo respectfully requests that this Court:

(a)   enter judgment against Sandia on its claims;

(b) enter judgment in favor of HP and Indigo on their counterclaim in an amount to be determined;

(c) award HP and Indigo pre judgment interest and costs as provided by law; and

(c) grant such other relief as the Court deems appropriate.

## JURY DEMAND

HP and Indigo demand a trial by jury on all counts so triable.

Respectfully submitted,

_____/s/   Thomas W. Evans_____
Thomas W. Evans. (BBO #: 552820)
Cohen & Fierman, LLP
Four Faneuil Hall Marketplace
Boston, MA 02109
Tel: (617) 523-0505
Fax: (617) 523-2316

Dated: March 9, 2006