UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADVANCED CARD SYSTEMS, INC, <br> d/b/a SANDIA IMAGING, <br>     Plaintiff, <br> v. <br><br> HEWLETT-PACKARD COMPANY <br> and INDIGO AMERICA, INC., <br>     Defendants. | Case No. 04 C 12295 NG |

**MOTION FOR LEAVE TO FILE
<u>ANSWER TO DEFENDANTS' COUNTERCLAIM</u>**

NOW COMES Plaintiff, ADVANCED CARD SYSTEMS, INC. D/B/A SANDIA IMAGING, and moves this Court for leave to file its Answer to Defendants Counterclaim attached hereto as <u>Exhibit 1</u>. In support of its motion, Plaintiff states as follows:

1.    On October 14, 2005, Defendants filed its Answer and Counterclaim. *See* ECF No. 34.

2.    On November 3, 2004, Plaintiff filed its Answer to Hewlett-Packard Company's and Indigo America, Inc.'s Counterclaim. *See* ECF No. 35.

3.    Plaintiff filed its Second Amended Complaint on November 28, 2005. *See* ECF No. 36.

4.    Defendants filed their Answer to Second Amended Complaint and Defendants' Counterclaim on March 9, 2006. *See* ECF No. 39. Thereafter, the parties entered into settlement discussions and agreed to suspend the continuation of litigation while Plaintiff prepared its settlement demand.

5.  In substance and format, the counterclaim in Defendants' Second Amended Complaint and Defendants' Counterclaim appears identical to the original counterclaim filed in Defendants' Answer and Counterclaim. Therefore, Plaintiff's answer thereto does not differ from its answer previously filed on November 3, 2004.

6.  Counsel for Defendants Hewlett-Packard Company and Indigo America, Inc. has been contacted about this Motion as required by Local Rule 7.1(A)(2) and assents to it being granted.

WHEREFORE, Plaintiff prays that this Court grant its motion for leave to file its Answer to Counterclaim and grant any and other relief which this Court deems just and equitable.

ADVANCED CARD SYSTEMS, INC.
d/b/a SANDIA IMAGING
By its attorneys,

_/s/ John T. Hugo_
John T. Hugo, BBO #567262
Jennifer B. Furey, BBO #634174
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 02110
(617) 737-3100

Dated: 10/30/06

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was served via electronic mail to Thomas W. Evans, counsel for Defendants, this 30th day of October, 2006.

_/s/ John T. Hugo_
John T. Hugo, Esq.

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADVANCED CARD SYSTEMS, INC.<br>d/b/a SANDIA IMAGING,<br><br>Plaintiff/Counterclaim-defendant<br><br>v.<br><br>HEWLETT-PACKARD COMPANY<br>and INDIGO AMERICA, INC.<br><br>Defendants/Counterclaim-plaintiffs | Case No. 04 C 12295 NG |

### PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIM

COMES NOW Plaintiff/Counterclaim- defendant Advanced Card Systems, Inc. d/b/a Sandia Imaging ("Sandia"), by and through its attorneys, Hill Gilstrap, P.C. and Cooley, Manion & Jones, P.C., for its answer to Defendants/Counterclaim-plaintiffs Hewlett-Packard Company's ("HP") and Indigo-America, Inc.'s ("Indigo") Counterclaim, state as follows:

### The Parties

1. Sandia admits the allegations of paragraph 1.

2. Sandia admits the allegations of paragraph 2.

### Jurisdiction and Venue

3. Sandia admits the allegations of paragraph 3.

4. Sandia admits the allegations of paragraph 4.

### Factual Allegations

5. Sandia admits the allegations of paragraph 5.

6. Sandia admits the allegations of paragraph 6.

7. Sandia denies the allegations of paragraph 7.

8. Sandia admits that it wrote an August 25, 2003 letter to Vince Pentella at Indigo, the content of which speaks for itself. Sandia denies the remaining allegations of Paragraph 8 as inaccurate characterizations of the letter.

9. Sandia admits that it signed a letter agreement on or about November 7, 2003, and that a true and accurate copy of that letter is attached to the Counterclaim as Exhibit 1, the contents of which speak for itself. Sandia denies all remaining allegations not specifically admitted.

10. Sandia admits that it signed a letter agreement on or about November 7, 2003, and that a true and accurate copy of that letter is attached to the Counterclaim as Exhibit 1, the contents of which speak for itself. Sandia denies all remaining allegations not specifically admitted.

### Count I
### (Breach of Contract)

11. Sandia repeats and re-alleges its answers to Paragraphs 1-10 as if fully set forth herein.

12. Sandia admits that it signed a letter agreement on or about November 7, 2003, and that a true and accurate copy of that letter is attached to the Counterclaim as Exhibit 1, the contents of which speak for itself. Sandia denies the allegations that the letter agreement is valid and should be enforced.

13. Sandia denies that it has breached the letter agreement by bringing this suit as the letter agreement became void *ab initio* after Sandia did not comply with the confidentiality requirement of the letter agreement.

14.     Sandia denies the allegations of Paragraph 14. Sandia further states that the Court has already ruled that the Settlement Agreement was void *ab initio* upon Sandia's publicizing of the settlement.

### COUNT II
### (Disgorgement, Restitution and Breach of the Covenant of Good Faith and Fair Dealing)

15.     Sandia repeats and re-alleges its answers to Paragraphs 1-14 as if fully set forth herein.

16.     Sandia denies the allegations of Paragraph 16.

17.     Sandia denies the allegations of Paragraph 17.

18.     Sandia denies the allegations of Paragraph 18.

### First Affirmative Defense - Setoff

If HP and/or Indigo are found to be entitled to some or all of the amounts claimed in their Counterclaim, such amounts should be setoff against any damage amounts Sandia is awarded against HP and/or Indigo on its Complaint.

### Second Affirmative Defense - Estoppel

HP and Indigo are estopped from bringing such claims over the alleged Settlement Agreement because it was part and parcel to their scheme to defraud Sandia.

WHEREFORE, Advanced Card Systems, Inc. d/b/a Sandia Imaging, prays for judgment

in its favor and against Hewlett-Packard Company and Indigo America, Inc., and for such other relief as this Court deems necessary and just.

          ADVANCED CARD SYSTEMS, INC.
          d/b/a SANDIA IMAGING
          by its attorneys,

          _____
          John T. Hugo, BBO #567262
          Jennifer B. Furey, BBO #634174
          COOLEY MANION JONES LLP
          21 Custom House Street
          Boston, MA 02110
          (617) 737-3100

Dated: